**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Andre R. Levesque</u>

    v.                                                      Civil No. 09-cv-248-JD

<u>State of New Hampshire, et al.</u>[1]


<u>Andre R. Levesque</u>

    v.                                                      Civil No. 09-cv-418-SM

<u>State of New Hampshire</u>


<u>Andre R. Levesque</u>

    v.                                                      Civil No. 09-cv-419-PB

<u>State of Vermont, et al.</u>[2]


<u>Andre R. Levesque</u>

    v.                                                      Civil No. 09-cv-427-PB

<u>Marble Valley Wind Co., et al.</u>[3]

---

[1]In addition to the State of New Hampshire, Levesque has named the following defendants in this action: Concord Hospital, the Concord Police Department, the New Hampshire State Police, the United States of America, Riverbend 24-Hour Emergency Services, and the Champlain Valley Physicians Hospital.

[2]In addition to the State of Vermont, Levesque has named the United States of America as a defendant in this action.

[3]In addition to the Marble Valley Wind Co., Levesque has named the following defendants in this action: NBT Bank, Champlain National Bank, and Adirondack Bank.

Andre R. Levesque

    v.                                            Civil No. 09-cv-429-PB

Shelburne Police Department, et al.[4]

Andre R. Levesque

    v.                                            Civil No. 09-cv-430-SM

Town of Ellenburg, New York

Andre R. Levesque

    v.                                            Civil No. 09-cv-434-PB

Fletcher Allen Health Care

Andre R. Levesque

    v.                                            Civil No. 09-cv-435-SM

Merrimack County Department of Corrections

---

[4] In addition to the Shelburne Police Department, Levesque has named the following defendants in this action: the State of Vermont, the Vermont State Police, and the Rutland County Sheriff's Department.

Andre R. Levesque

    v.                                                    Civil No. 09-cv-437-JL

State of New Hampshire, et al.[5]


Andre R. Levesque

    v.                                                    Civil No. 09-cv-438-SM

Merrimack County Department of
Corrections, et al.[6]


Andre R. Levesque

    v.                                                    Civil No. 09-cv-453-JD

Merrimack County Department of
Corrections


Andre R. Levesque

    v.                                                    Civil No. 10-cv-040-SM

New Hampshire Supreme Court Office of

---

[5] In addition to the State of New Hampshire, Levesque has named the Concord Housing Authority as a defendant in this action.

[6] In addition to the Merrimack County Department of Corrections, Levesque has named the following defendants in this action: the State of New Hampshire, the United States of America, and the Secure Psychiatric Unit at the New Hampshire State Prison.

<u>Attorney Discipline, et al.</u>[7]

<u>Andre R. Levesque</u>

    v.                                      Civil No. 10-cv-041-JD

<u>New Hampshire State Prison, Secure Psychiatric Unit, et al.</u>[8]

<u>Andre R. Levesque</u>

    v.                                          Civil No. 10-cv-049-PB

<u>State of South Carolina, et al.</u>[9]

**O R D E R**

Andre Levesque has filed numerous cases in this Court. Because Levesque is incarcerated and proceeding pro se, the above-captioned complaints are before me for preliminary review to determine, among other things, whether Levesque has stated any claim upon which relief might be granted. <u>See</u> 28 U.S.C. §

---

[7] In addition to the New Hampshire Supreme Court Office of Attorney Discipline, Levesque has named the Merrimack County Superior Court and the New Hampshire Public Defender's Office as defendants in this action.

[8] In addition to the Secure Psychiatric Unit at the New Hampshire State Prison, Levesque has named the State of Vermont and the State of New York as defendants in this action.

[9] In addition to the State of South Carolina, Levesque has named the other forty-nine states and the United States of America as defendants in this action.

1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

## Docketing Order

Levesque has filed a number of motions in each of the cases before this Court.  The Clerk's Office is directed to redocket the pleadings listed below as addenda to the complaint in each case in which they have been filed:

1.  Motion in Limine:  (09-cv-418-SM document no. 5) (09-cv-419-PB document no. 4) (09-cv-427-PB document no. 4) (09-cv-429-PB document no. 4) (09-cv-430-SM document no. 4) (09-cv-435-SM document no. 3).

2.  Motion to Extend Time: (09-cv-418-SM document no. 4) (09-cv-419-PB document no. 3) (09-cv-427-PB document no. 3) (09-cv-429-PB document no. 3) (09-cv-430-SM document no. 2) (09-cv-435-SM document no. 2).

3.  Motion for Immediate Consideration and Ruling: (09-cv-248-JD document no. 4) (09-cv-418-SM document no. 7) (09-cv-419-PB document no. 7) (09-cv-427-PB document no. 9) (09-cv-429-PB document no. 7) (09-cv-430-SM document no. 7) (09-cv-434-PB document no. 4) (09-cv-435-SM document no. 9) (09-cv-437-JL document no. 5) (09-cv-438-SM document no. 4) (09-cv-453-JD document no. 3).

4.  Motion for Immediate Hearings: (09-cv-248 document no. 6) (09-cv-418-SM document no. 9) (09-cv-419-PB document no. 9) (09-cv-427-PB document no. 11) (09-cv-429-PB document no. 9) (09-cv-430-SM document no. 9) (09-cv-434-PB document no. 6) (09-cv-435-SM document no. 9) (09-cv-437-JL document no. 7) (09-cv-438-SM document no. 6).

5.  Motion: (09-cv-248-JD document no. 8).

6.  Motion for Restraining Order Against Vermont: (09-cv-429-PB document no. 16).

7.  Motion for Temporary Restraining Order: (09-cv-430-SM document no. 15).

8.  Motion for Extra Consideration/Emergency Relief: (09-cv-437-JL document no. 13).

9.  Motion to Detain: (10-cv-041-JD document no. 2).

10. Motion for Temporary Restraining Order: (10-cv-041 document no. 3).

11. Motion for Emergency Hearing With United States Supreme Court: (10-cv-049-PB document no. 2).

12. Motion to Have Social Security Administration Produce File Regarding Plaintiff's Money Grant: (10-cv-049-PB document no. 3).

13. Ex Parte Motion to Show Humanity/Freeze and Seize Assets: (09-cv-427-PB document no 6).

14. Motion for Restraining Order: (09-cv-418-SM document no. 12).

15. Motion to Produce Names: (09-cv-418-SM document no. 13).

16. Motion to Cease & Desist and for Emergency Hearing: (09-cv-418-SM document no. 14).

17. Motion to Show Cause: (09-cv-418-SM document no. 15).

18. Motion to Produce Video: (09-cv-418-SM document no. 16).

19. Motion to Freeze Assets: (09-cv-418-SM document no. 17).

20. Motion to Compel Video Production: (09-cv-418-SM document no. 18).

21. Motion to Compel: (09-cv-418-SM document no. 19).

22. Motion to Detain: (09-cv-418-SM document no. 20).

23.  Motion for Immediate Federal Intervention: (09-cv-418-SM document no. 21).

24.  Motion to Block: (09-cv-419-PB document no. 16).

25.  Motion for Extra Consideration/Emergency Relief Sought/Immediate Attention: (09-cv-437-JL document no. 13).

26.  Motion for Immediate Restraining Orders Againt New Hampshire, Vermont, and New York: (09-cv-437-JL document no. 19) (10-cv-041-JD document no. 7).

## Claims to be Served

For reasons fully discussed in the Report and Recommendation issued simultaneously with this Order, and without further comment on the merits of the claims, I direct service of Levesque's claims alleging inadequate medical and mental health care, failure to accommodate his disability in violation of the ADA, and unconstitutional conditions of confinement against defendants Paul Sylvester,[10] Dr. John Eppolito, Ken Stevenson,

---

[10] In addition to Paul Sylvester, I have authorized these claims against an MCHC medical staff member named Judy.  At this time, Levesque has not provided Judy's last name, which he must do before she can be served.  Upon service of this action on Sylvester, Levesque can serve him with interrogatories to obtain Judy's full name pursuant to Fed. R. Civ. P. 33(a) which states in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a

the Merrimack County House of Corrections ("MCHC"), and the Secure Psychiatric Unit at the New Hampshire State Prison ("SPU").  These claims are numbered 10, 12b, 12c, 13, 34, 35, 49b, 59a, 55, 56a, 56b, 64, and 71 in the Report and Recommendation.

### Service

As to the claims proceeding against Dr. John Eppolito, Paul Sylvester, and the MCHC, the Clerk's Office is directed to complete summons forms for each defendant.  The Clerk's office shall then issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the

---

> partnership or association or governmental agency, by an officer or agent, who shall furnish such information as is available to the party.

Once Judy's full name is obtained, Levesque may file a motion to amend his complaint to add Judy as a defendant to these claims and the Clerk's office will effect service upon Judy, as directed in my Order directing service issued simultaneously with this Report and Recommendation.

There is also a reference in the pleadings to a Paul Wyman, a medical care provider either at MCHC or at SPU.  There are no independent claims alleging Wyman's liability that are sufficient to proceed against "Paul Wyman."  I presume that the "Paul" referred to in Levesque's pleadings, therefore, is Paul Sylvester.  If, in fact, Paul Wyman is the appropriate defendant to those claims, Levesque is directed to properly move to amend his complaint to reflect that the claims ordered to be served on Sylvester should instead be served on Wyman.

"U.S. Marshal's office") the summonses and copies of the complaint in 09-cv-437-JL (document nos. 1, 5, 7, 10 & 13), the Report and Recommendation issued this date, and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants. See Fed. R. Civ. P. 4(c)(2). Defendants MCHC, Eppolito, and Sylvester are instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A).

As to the claims proceeding against defendants SPU and Ken Stevenson, The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of the complaint in 09-cv-437-JL (document nos. 1, 5, 7, 13 & 19), the Report and Recommendation issued this date, and this Order. See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to

represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.  Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Levesque is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   May 12, 2010

cc:     Andre Levesque, pro se

JM:jba